1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| NORMAN BEI, | ) | Case No.: C 11-05061 PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT** |
| v. | ) | **NICHOLAS SANTUCCI'S MOTION TO** |
| | ) | **DISMISS, OR IN THE ALTERNATIVE** |
| | ) | **TO TRANSFER VENUE** |
| NICHOLAS J. SANTUCCI ALSO | ) | |
| KNOWN AS NICO J. SANTUCCI, | ) | **(Re: Docket No. 6)** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

19    Defendant Nicholas J. Santucci also known as Nico J. Santucci ("Santucci") moves to

20  dismiss the complaint for lack of personal jurisdiction, or in the alternative to transfer venue.

21  Plaintiff Norman Bei ("Bei") opposes the motion.  On December 16, 2011, the parties appeared for

22  hearing.  Having reviewed the papers and considered the arguments of counsel, the court DENIES

23  Santucci's motion.

### I.  BACKGROUND

25    Bei is a resident of Soquel, California and Santucci is a resident of Las Vegas, Nevada.  The

26  parties are known to each other and have previously traded automobiles.  Santucci previously sent an

27  agent or employee to Soquel to deliver to Bei a Rolls Royce and to pick up from him a Lamborghini

28  and $30,000 in cash as part of the transaction.

1    Santucci later contacted Bei by telephone inquiring whether he wanted to purchase a 2008
2    Corvette GTP racing automobile for $90,000.  Santucci provided Bei with photographs of the
3    Corvette by email.

4    On or about October 14, 2009, Bei orally agreed to purchase the Corvette from Santucci for a
5    total purchase price of $80,000 (including $10,000 for certain modifications to the vehicle).  At the
6    time of the sale, the Corvette was located in Nevada where Santucci resides.  Santucci sent an agent
7    or employee to Bei in California to pick up $70,000 in cash.[1]  Bei wanted the modifications made to
8    the Corvette in advance of its delivery to him, so Santucci hired Karl Thomson ("Thomson") to
9    make those modifications.  Thomson resides in California.  He traveled to Nevada to retrieve the
10   Corvette and bring it to California to make the modifications but never finished the work.  Santucci
11   then requested that Bei return the title to the Corvette so that Santucci could transport the Corvette
12   back to Nevada and perform the negotiated modifications himself.

13   The modifications were never made to the Corvette and it was never delivered to Bei.  Bei no
14   longer wants the Corvette but wants his money returned.

## II. LEGAL STANDARDS

16   A federal court may exercise personal jurisdiction over a defendant in the manner provided
17   by state law.[2] Under California's long-arm statute, federal courts sitting in California may exercise
18   personal jurisdiction over any nonresident to the extent permitted by the Due Process Clause of the
19   United States Constitution.[3] Due process requires that the defendant, if not present within the
20   territory of the forum, "have certain minimum contacts with it such that the maintenance of the suit

[1] The parties appear to dispute whose agent collected the money and whether the agent traveled to California or Nevada. The parties also dispute who engaged the individual to conduct modifications to the automobile.  Because Bei bears the initial burden for showing that there is personal jurisdiction, conflicts between the facts contained in the partes' affidavits must be resolved in his favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  *See AT&T v. Compagnie Burxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).

[2] *See* Fed. Rule Civ. P. 4(k)(1)(A).

[3] *See* Cal. Code Civ. P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993).

Case No. 11-5061 PSG
ORDER DENYING MOTION TO DISMISS        2

1    does not offend 'traditional notions of fair play and substantial justice.'"[4]

2       A state may exercise either general or specific jurisdiction over a defendant.[5]  General

3 jurisdiction exists if defendant's activities within the forum state are "substantial" or "continuous

4 and systematic."[6]  To determine whether general jurisdiction exists, courts look to "whether the

5 defendant makes sales, solicits or engages in business in the state, serves the state's markets,

6 designates an agent for the service of process, holds a license, or is incorporated there."[7]

7 Alternatively, a district court may assert specific jurisdiction over a nonresident defendant where

8 "(1) the nonresident defendant [performs] some act or consummate[s] some transaction with the

9 forum or perform[s] some act by which he purposefully avails himself of the privilege of conducting

10 activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must

11 be one which arises out of or result from the defendant's forum-related activities; and (3) exercise of

12 jurisdiction must be reasonable."[8] The court will consider seven factors to address the question of

13 reasonableness: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the

14 defendant in defending in the forum: (3) the extent of conflict with the sovereignty of the

15 defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

16 judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in the

17 convenient and effective relied; and (7) the existence of an alternative forum."[9]  The court must

18 balance all seven factors; no one factor is dispositive.[10]

19       For a contract claim, the mere existence of a contract with a resident of the forum state is

20

21

22      [4]     *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

23      [5]     *See Helicopteros Nacionales de Colombia, S.A.. v. Hall*, 466 U.S. 408, 414-15 (1984).

24      [6]     *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952).

25      [7]     *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

26      [8]     *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

27      [9]     *Burger King*, 471 U.S. at 476-77.

28      [10]     *Core-Vent*, 11 F.3d at 1488.

insufficient by itself to create personal jurisdiction over the nonresident.[11]  "[W]ith respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for the consequences of their activities."[12]

With the alternative request for transfer, the court in its discretion considers the convenience of the parties, the witnesses and the interest of justice.[13]

### III. DISCUSSION

**A.    General Jurisdiction**

Because he (1) lives in Nevada, (2) does not regularly engage in business in California, and (3) does not own any property in California,[14] Santucci lacks sufficient contacts with California for the court to confer general jurisdiction. While Bei and Santucci previously exchanged a Rolls Royce for a Lamborghini and $30,000 in cash, Bei has not alleged sufficient facts to demonstrate that these contacts with California are either "substantial" or "continuous and systematic."[15]

**B.    Specific Jurisdiction**

Bei argues that Santucci nevertheless has sufficient minimum contacts with California to justify this court's exercise of specific jurisdiction.

With respect to the first prong of the specific jurisdiction test, Bei notes that: (1) Santucci called Bei in California to offer to sell him the Corvette; (2) Santucci emailed Bei photographs of the Corvette in California; (3) Santucci sent an agent or employee to California to collect $70,000 from Bei; (4) Santucci hired Thomson to modify the Corvette in California; and (5) Santucci's agent or employee later collected the Corvette from Thomson in California when the modifications were not made. Taking the facts as Bei has alleged and supported by affidavit, as the court must, it appears

---

[11]    *See id.* at 478.

[12]    471 U.S. at 473, 105 S.Ct. At 2182 (internal citations omitted).

[13]    *See* 28 U.S.C. §1404(a).

[14]    *Cf. Bancroft & Masters, Inc.*, 223 F.3d at 1086.

[15]    *See id.*

that even if Santucci performed all of his obligations in Nevada, Santucci nevertheless "purposefully directed" his efforts toward Bei in California.[16]

With respect to the second prong, there is no serious dispute that Santucci's forum-related contacts are "sufficiently related to the underlying causes of action" and "have some degree of proximate causation to be considered for purposes of jurisdiction."[17]

As for the third prong – reasonableness:

### 1.     Extent of Purposeful Interjection

As discussed above, Santucci purposefully interjected himself into California in an effort to trade the Corvette.  This factor weighs in favor of Bei.

### 2.     Burdens on Santucci

Aside from having to defend himself in California, Santucci has not articulated any substantial burden. Inconvenience alone is not sufficient to avoid litigation in California.[18]  This factor weighs in favor of Bei.

### 3.     Extent of Conflict with Nevada

It does not appear there would be any greater interest by California or Nevada in adjudicating this case.  This factor does not weigh more strongly toward any one party.

### 4.      California's Interest in Adjudication

As before, neither state would appear to have any greater interest in adjudicating this case. This factor also does not weigh more strongly toward either party.

### 5.     Most Efficient Judicial Resolution

Neither California or Nevada offers a more efficient judicial resolution.  This factor does not weigh more strongly toward any one party either.

### 6.     Convenience and Effectiveness of Relief for Bei

---

[16] *Id.* (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

[17] *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 423 F.Supp.2d 1073, 1085 (C.D. Cal. 2003) (citing *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997)); *see also Bancroft & Masters*, 223 F.3d at 1088.

[18] *See Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).

Case No. 11-5061 PSG
ORDER DENYING MOTION TO DISMISS          5

1    Undoubtedly, it is more covenient for Bei to litigate this case in California.  He resides here

2    and his counsel is located near Soquel.  This factor weighs towards Bei.

3          **7.        Availability of an Alternative Forum**

4    Nevada is an alternative forum for this case.  As discussed above, however, there is no

5    greater interest by either state in adjudicating this case.  This factor therefore weighs no more

6    strongly for either party.

7    The net result of this confirms that the exercise of jurisdiction over Santucci would be

8    reasonable and all three prongs tilt in favor of Bei. Because Bei has met all three prongs of the

9    specific injunction test, Santucci's motion to dismiss must be denied.

10   **C.    Motion to Transfer Venue**

11   In the alternative, Santucci argues that the case should be transferred to Nevada.  He bases

12   his argument entirely on the fact that more witnesses are located in Nevada and that the Corvette

13   itself is located there.

14   Aside from himself and Bei, the only other specific witness identified by Santucci is the

15   agent who collected the money and who transported the Corvette in California.  Even if it were

16   substantiated by an affidavit, which it is not – this one witness's convenience is not sufficient to

17   disrupt the plaintiff's choice of forum.  In addition, while there may be a need to inspect the

18   Corvette, this inspection may take place just as easily with the case venued in this district as with the

19   case venued in the District of Nevada.  In sum, while the case could have been brought in Nevada,

20   Santucci has not shown that a transfer of venue is warranted.

21                        **IV. CONCLUSION**

22   The court DENIES Santucci's motion.  An initial case management conference shall be held

23   on January 24, 2011 at 2PM.

24          **IT IS SO ORDERED.**

25
     Dated:   December 16, 2011
26

27                                   PAUL S. GREWAL
                                     United States Magistrate Judge
28