1
2
3
4
5
6
7
8
9
10

**United States District Court**
For the Northern District of California

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAN BEI,<br><br>                    Plaintiff,<br><br>          v.<br><br>NICHOLAS J. SANTUCCI, aka NICO J.<br>SANTUCCI,<br><br>                    Defendants. | Case No.: C 11-5061 PSG<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST NICHOLAS J. SANTUCCI**<br><br>**(Re: Docket No. 33)** |

This case involves a dispute over the sale of 2008 Corvette GTP racing automobile. On January 8, 2013, Plaintiff Norman Bei ("Bei") appeared for the pretrial conference. Defendant Nicholas Santucci ("Santucci") did not. Bei now moves for default judgment against Santucci. Having considered the papers, the court GRANTS Bei's motion.

## I.     BACKGROUND

The facts of this case are largely undisputed. Bei is a resident of Soquel, California.[1] Santucci resides in Las Vegas, Nevada.[2] Bei and Santucci are longtime acquaintances and have

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 4, Ex. 1 ¶ 2.

1

Case No.: 11-5061 PSG
ORDER

previously traded automobiles.  Their first trade was of Santucci's Rolls Royce for Bei's

Lamborghini, plus an additional $30,000 cash payment by Bei.[3]

In October 2009, Santucci contacted Bei via telephone, offering to sell Bei a 2008 Corvette

GTP racing automobile for $90,000.[4]  Santucci emailed Bei photographs of the Corvette.[5]  Bei later

orally agreed to purchase the Corvette for a total purchase price of $80,000, comprised of $70,000

for the vehicle itself and $10,000 for certain modifications to the vehicle.[6]  Bei transferred $70,000

to Santucci.[7]  Bei wanted the modifications made to the vehicle before delivery to him from Las

Vegas, Nevada, so Karl Thompson ("Thompson") was hired to make the modifications.[8]  Bei paid

Thompson $10,000 to complete the modifications.[9]  After several months had passed and little

work had been done, Bei and Santucci agreed to transfer title back to Santucci so that Santucci

could bring the Corvette back to his Las Vegas home and finish the modifications.[10]

Bei never received the Corvette.[11]  On October 14, 2011, Bei filed this suit against

Santucci, alleging breach of contract and conversion.  Bei no longer wants the automobile, but

---

[3] *See* Docket No. 13 ¶ 2.

[4] *See id.* ¶ 3.

[5] *See id.*

[6] *See id.*

[7] The parties agree cash was transferred, but disagree over how the cash was transferred.  Bei states Santucci's agent came to Bei's Soquel, California home to pick up the $70,000 cash.  *See id.* Santucci, however, alleges Bei sent a courier with cash to Las Vegas, Nevada to pay for the vehicle.  *See* Docket No. 4, Ex. 1 ¶ 4.

[8] The parties dispute who hired Karl Thompson to complete the work – Bei alleges it was Santucci and Santucci alleges it was Bei.  *See* Docket No. 4, Ex. 1 ¶ 4; Docket No. 13 ¶ 4.

[9] *See* Docket No. 33 ¶ 2.

[10] *See* Docket No. 14 ¶ 5.

[11] *See id.* ¶ 6; Docket No. 33 ¶ 3.

Case No.: 11-5061 PSG
ORDER

merely wants money damages.  Both parties appeared for hearings and mediation.[12]  However,

Santucci did not appear for the pretrial conference.[13]  Bei stated that Santucci has not

communicated with him for months and did not confer with him to file a joint pretrial statement.[14]

Bei now moves for default judgment for failure to appear and defend.

## II.     LEGAL STANDARD

When a party against whom a judgment for affirmative relief is sought "has failed to plead

or otherwise defend, and that failure is shown by affidavit or otherwise," the court may enter

default judgment.[15]  The court has "broad latitude to impose the sanction of default" at any point to

ensure the "orderly and expeditious conduct of litigation."[16]

"The district court's decision whether to enter a default judgment is a discretionary one."[17]

The factors the court may consider in ruling on a motion to enter default include: (1) the

substantive merits of plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of

money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) the possibility of

dispute as to any material facts in the case; (6) whether default resulted from excusable neglect;

and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits.[18]

---

[12] *See* Docket No. 18, 28.

[13] *See* Docket No. 32.

[14] *See* Docket No. 33.

[15] Fed. R. Civ. P. 55(a).

[16] *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (imposing default judgment after defendant failed to attend pretrial conferences and otherwise communicate to the plaintiff and the court).

[17] *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980).

[18] *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

3

Case No.: 11-5061 PSG
ORDER

**United States District Court**
For the Northern District of California

### III.   DISCUSSION

**A.  The substantive merits of plaintiff's claim and the sufficiency of the complaint**

The first two *Eitel* factors seek to determine whether the plaintiff has stated a claim on which he may recover.[19]  In considering these two factors, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[20]

Bei's complaint asserts two causes of action: breach of contract and conversion.  "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom."[21]  Bei alleges he and Santucci entered an oral agreement for the sale and modification of the Corvette. According to the complaint, the contract terms dictated that Bei was to pay $70,000 to Santucci for the Corvette and $10,000 to Thompson, Santucci's agent, for modifications to the Corvette.  Bei performed by paying each of these sums.  Santucci, however, did not perform – Bei never received the automobile and the modifications were never completed.  Bei suffered damages because not only did he not receive the automobile, he also never received return of his payment. This is sufficient to state a cause of action for breach of contract.

In California, "[c]onversion is the wrongful exercise of dominion over the property of another."[22]  To state a claim for conversion, the plaintiff must allege: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or

---

[19] *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir. 1978)).

[20] *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

[21] *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009) (internal quotations omitted).

[22] *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998).

4

Case No.: 11-5061 PSG
ORDER

**United States District Court**
For the Northern District of California

disposition of property rights; and (3) damages."[23]  According to the complaint, Bei is the rightful owner of the Corvette under the contract of sale.  Santucci wrongfully withheld possession of the automobile, despite Bei demanding Santucci to deliver possession multiple times.  Santucci deprived Bei of possession of the vehicle, causing Bei to suffer damages of $80,000, the value of the automobile with the contracted modifications.  The complaint sufficiently alleges a cause of action for conversion.

### B.  The amount of money at stake

The third *Eitel* factor requires the court to consider the amount of money involved in relation to the seriousness of the defendant's conduct.[24]  Bei's complaint seeks $80,000, which is not an insignificant amount of money.  In light of Santucci's conduct, however, this amount is not unreasonable.  During his brief participation in the early stages of this litigation, Santucci did not deny that he failed to deliver the automobile to Bei.  Santucci has further delayed Bei's attempts to seek judicial remedy – Santucci failed to return any of Bei's calls or communications regarding the trial for months and did not appear at the pretrial conference.[25]

### C.  The possibility of dispute as to material facts

There is no real dispute as to the core facts alleged in the complaint.  In his answer and declaration before the court, Santucci does not deny that he and Bei contracted for the sale of the Corvette for $70,000 plus $10,000 for the modifications.  Santucci also acknowledges he regained possession of the Corvette after Thompson failed to complete the modifications.

The only real issue that may be disputed is whether Thompson was Santucci's agent, and by extension the question of whether Santucci is responsible for the modifications. Although the

---

[23] *Burlesci*, 68 Cal. App. 4th at 1066.

[24] *See Kloepping v. Fireman's Fund*, C 94-2684 TEH, 1996 WL 75314, at *4 (N.D. Cal. Feb. 13, 1996).

[25] *See* Docket No. 33.

Case No.: 11-5061 PSG
ORDER

United States District Court
For the Northern District of California

parties' initial filings disagreed over who hired Karl Thompson to complete the work,[26] Santucci

has failed to further defend or argue this point.  The defendant's subsequent failure to challenge

plaintiff's well-pleaded claims in the complaint shows that he has abandoned the defense in this

matter.[27]  This factor thus favors default judgment.

### D.  Whether default resulted from excusable neglect

The court next considers whether Santucci's failure to appear was due to excusable neglect.

When the defendant has been properly served or the plaintiff otherwise demonstrates the defendant

was clearly aware of the pending litigation, excusable neglect is remote and this factor weighs in

favor of default judgment.[28]  Santucci clearly received actual notice of this lawsuit as he answered

the complaint and participated in the early stages of litigation.[29]  He never notified the court before

or after his failure to appear at the pretrial conference, which was scheduled nearly a year prior to

the conference.[30]  Nor has he responded to Bei's motion for default judgment.  Nothing suggests

his failure to appear was due to excusable neglect.

### E.  Possibility of prejudice to the plaintiff and public policy concerns

Public policy will not be harmed by granting default judgment.  Although the Rules of Civil

Procedure favor decisions on the merits, such a decision is not possible because Santucci is no

longer participating in the proceedings of this case.  Further, the potential prejudice to the plaintiff

weighs in favor of granting default judgment.  Plaintiff will likely be harmed if the default is

---

[26] *See* Docket No. 4, Ex. 1 ¶ 4; Docket No. 13 ¶ 4.

[27] *See Coach Services, Inc. v. YNM, Inc.*, Case No. 2:10-CV-02326-JST, 2011 WL 1752091, at *4 (C.D. Cal. May 6, 2011) (finding that when defendants filed an answer but then failed to further defend the litigation, defendants abandoned their defenses to the plaintiff's well-pleaded complaint and as a result there was no significant possibility of dispute over material facts).

[28] *See id.*

[29] *See Ringgold Corp.*, 880 F.2d at 1141.

[30] *See* Docket No. 25 (scheduling order setting pretrial conference and trial dates, which was issued after the case management conference attended by both parties).

6

Case No.: 11-5061 PSG
ORDER

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2

denied.[31]  This is especially true as the statute of limitations has run for at least the conversion

claim.[32]  These factors weigh in favor of entering default judgment against the defendant.

3

### F.  The amount of damages

4

5

6

7

8

9

The court now turns the amount of damages that should be awarded to Bei.  In considering

a motion for default judgment, the court need not accept the amount of damages plead in the

complaint.  "[The] [p]laintiff is required to prove all damages sought in the complaint."[33]   The

damages, however, may not differ greatly from those alleged in the complaint.[34]  The court may

base its award on declarations submitted by the plaintiff.[35]

10

11

12

13

Bei's complaint seeks damages under both conversion and breach of contract.  Where, as

here, the plaintiff's claim sounds in both contract and tort, the plaintiff must ultimately elect

between the two inconsistent remedies.[36]  Both causes of action claim the same amount of

compensatory damages, or $80,000.  Bei has acknowledged a $10,000 credit to this amount,

14

15

16

17

18

19

20

21

22

---

[31] *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

[32] The statute of limitations for conversion is three years.  *See* Cal. Civ. Proc. Code § 338; *AmerUS Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639, 49 Cal. Rptr. 3d 493, 499 (2006). As most of the events occurred in late 2009, Bei's claim for conversion may now be time-barred.

23

24

[33] *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

25

[34] *See id.* (citing Fed. R. Civ. P. 55(b)(2)).

26

[35] *See id.*

27

[36] *See Roam v. Koop*, 41 Cal. App. 3d 1035, 1039 (1974).

28

7

Case No.: 11-5061 PSG
ORDER

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

reducing the total award to $70,000.[37]  Bei has submitted declarations confirming this amount,[38] which is sufficient to prove damages.[39]

Bei's complaint and motion for default also seeks punitive damages, which may only be awarded under a tort claim.[40]  To establish punitive damages, the plaintiff must prove by "clear and convincing evidence" that the defendant acted with "oppression, fraud, or malice."[41]  Bei does not provide sufficient support for his claim for punitive damages.  In his complaint, Bei conclusorily states that the defendant's acts were "willful, wanton, malicious, and oppressive, were taken with the intent to defraud, and justify the awarding of exemplary and punitive damages in the amount of $1,000,000."[42]  Bei provides no additional facts supporting this conclusory allegation in his motion for default judgment.  As Bei has not satisfied his burden of proof, the court declines to award punitive damages.  Bei is only entitled to $70,000, the amount of compensatory damages he has alleged in his complaint and supported by declarations.[43]

---

[37] *See* Docket No. 33.  The source of the $10,000 credit is unclear – the credit could have come from Santucci or Thompson or another source.  Regardless of the source, the court accepts Bei's assertion that he received $10,000 to be credited against the $80,000 amount.

[38] *See* Docket No. 13, 33.

[39] *See Philip Morris USA, Inc.*, 219 F.R.D. at 498 (noting the standard for proving damages is "relatively lenient" and that the court may rely on well-pleaded allegations in the complaint and declarations by the plaintiff).

[40] *See id.*

[41] Cal. Civ. Code § 3294; *See also Mock v. Michigan Millers Mutual Ins. Co.*, 4 Cal. App. 4th 306, 328 (1992).

[42] *See* Docket No. 1 at 2.

[43] Bei also requests prejudgment interest.  Bei cites no authority and provides no reasoning for why he is entitled to such an award.  Accordingly, Bei's request for prejudgment interest is DENIED.  To the extent Bei wishes to pursue prejudgment interest, Bei may submit additional briefing justifying his request no later than 7 days after issuance of this order.

8

Case No.: 11-5061 PSG
ORDER

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IV.   CONCLUSION

Consideration of the *Eitel* factors weighs in favor of granting default judgment for $70,000

in compensatory damages.  Bei's motion for default judgment against Santucci is GRANTED.

IT IS SO ORDERED.

Dated: February 5, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

9

Case No.: 11-5061 PSG
ORDER