UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAN BEI, | Case No.: 5:11-CV-05061-PSG |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE OR REDUCE DEFAULT JUDGMENT** |
| v. | |
| NICHOLAS J. SANTUCCI, | **(Re: Docket No. 36)** |
| Defendant. | |

This case involves a dispute over the sale of a 2008 Corvette GTP racing automobile. Defendant Nicholas J. Santucci ("Santucci") moves to set aside or alter the court's entry of default judgment in favor of Plaintiff Norman Bei ("Bei"). After careful review, the court GRANTS Defendant's motion to set aside default judgment for the reasons state below.

**I. BACKGROUND**

The facts of this case are well known to both parties and do not warrant repetition. Suffice to say there was a dispute over the terms of Santucci's sale to Bei of a 2008 Corvette GTP racing automobile. On October 14, 2011, Bei sued Santucci, alleging breach of their sale contract.[1]

---

[1] *See* Docket No. 1.

1

Case No.: 11-CV-05061-PSG
ORDER

Midway through litigation, sometime in June 2012, Santucci and Bei resolved their differences and signed a settlement agreement.[2]  Section 3(a) of the settlement agreement reads:

> Defendant Nicholas Santucci hereby agrees to pay Plaintiff, Norman Bei, the sum of Twenty Thousand Dollars ($20,000), Ten Thousand of which is to be paid concurrent with execution of this Agreement and Ten Thousand of which is to be paid on or before ninety days from the date of this agreement.  Payment in cash.[3]

Section 3(c) reads:

> Plaintiff shall file a Dismissal as to Defendant, of his Complaint in the Subject Litigation, with prejudice, following the execution of this Settlement Agreement. Plaintiff agrees that this compromise and settlement shall constitute a bar to all future claims, demands, obligations or causes of action against Defendant.  This bar shall be effective upon execution of this Settlement Agreement.[4]

True to the terms, Santucci paid Bei $10,000 in cash concurrent with execution of the agreement.[5]  Bei did not file a dismissal of his suit with the court, however, and Santucci never paid the remaining $10,000.[6]  Neither party apprised the court of the existence of a written settlement agreement, and the case remained on the docket.[7]

On January 8, 2013, the court held a pretrial conference.[8]  Only Bei appeared.[9]  On January 10, 2013, Bei filed a Motion for Default Judgement.[10]  On February 5, 2013, the court granted the unopposed motion, entering judgment in the amount of $70,000.[11]

---

[2] *See* Docket No. 37-1 at 8, 9.

[3] *Id.* at 3.

[4] *Id.*

[5] *See* Docket No. 37 at 1.

[6] *See id.*

[7] The only reference to any settlement at all was in Bei's trial brief, and was vague at best.  *See* Docket No. 30 at 4 ("defendant wired the sum of $10,000.00 in payment of a purported settlement in the amount of $20,000.00").

[8] *See* Docket No. 32.

[9] *See id.*

2

Case No.: 11-CV-05061-PSG
ORDER

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II. LEGAL STANDARD

The court has broad discretion to vacate or alter judgment under Federal Rules of Civil Procedure 59 and 60.[12]

Rule 60(b)(1) permits the court to vacate the judgment if the moving party shows "mistake, inadvertence, surprise, or excusable neglect."[13]  Although Rule 60(b) is "remedial in nature and . . . must be liberally applied,"[14] the Ninth Circuit has held that the moving party must meet the Rule 55(c) "good cause" standard for setting aside the clerk's entry of default.[15]  In considering whether the moving party has established good cause, the court considers: (1) whether the defendant's culpable conduct led to default, (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.[16]  But the rule "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[17]

Additionally, under Rule 59(e), the court has the power to "alter or amend judgment if [it] is presented with newly discovered evidence."[18]

---

[10] *See* Docket No. 33.

[11] *See* Docket No. 35.

[12] *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001); *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008).

[13] Fed R. Civ. P. 60(b)(1).

[14] *Id.*

[15] *TCI Group Life Ins. Plan*, 244 F.3d at 696.

[16] *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[17] *Brandt v. Am. Bankers Ins. Co. of Fl.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

[18] *Duarte*, 526 F.3d at 567.

3

Case No.: 11-CV-05061-PSG
ORDER

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III. DISCUSSION

Santucci moves to set aside default judgment, or in the alternative, to decrease the judgment amount to $10,000.  After considering the *Falk* factors, the court finds that alteration of the judgment is warranted.

First, Santucci's conduct was not culpable.  Wendy Miller ("Miller"), Santucci's prior counsel, failed to attend the pretrial conference because she believed that litigation had come to an end after the settlement agreement signed.[19]  Indeed, upon execution of the settlement agreement, Bei was required to dismiss the pending litigation.  Miller therefore had reason to believe that she had no further obligations in connection to the litigation.  Although Bei claims that Miller inexcusably failed to return Bei's emails and phone calls, Miller also stated that extreme emotional hardship due to the passing of a close family member prevented her from communicating with the court and Bei.[20]  Under these circumstances, the court is reluctant to punish Santucci for his counsel's neglect.[21]

Second, Santucci has also presented facts, unknown at the time default judgment was entered, that judgment in the amount of $70,000 was in error.  Namely, he submits the settlement agreement the parties signed on June 13, 2012, which was binding upon execution.  The settlement agreement plainly states that in exchange for the amount of $20,000, to be paid by Santucci in two installments, Bei agreed to release all claims against Santucci and dismiss the present action

---

[19] *See* Docket No. 38 at 1.

[20] *See id.*

[21] *See Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (citing *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974)).

4

Case No.: 11-CV-05061-PSG
ORDER

immediately.[22]  As the parties reached full settlement of their claims, that settlement agreement

must be enforced.[23]

Bei contends that the settlement agreement is not enforceable because Santucci breached it

when he failed to pay the remaining $10,000.  But Section 14 specifically provides the mechanism

for enforcement of its terms should either party breach:

> The parties specifically entered into this Settlement Agreement with the
> understanding that it is binding and enforceable by the court in which the Subject
> Litigation has been filed.  In any event any party fails to perform the conditions or
> terms required therein, the court may enforce the terms of this Settlement
> Agreement, pursuant to *Code of Civil Procedure*, Section 664.6.[24]

California Code of Civil Procedure section 664.6 states that "[i]f parties . . . stipulate . . . for

settlement of the case . . . the court . . . may enter judgment pursuant to the terms of the

settlement."[25]  Moreover, the court "may retain jurisdiction over the parties to enforce the

settlement until performance in full of the terms of the settlement."[26]  Setting aside the fact that Bei

likely breached the settlement agreement first,[27] Bei's proper recourse was to seek enforcement of

the settlement agreement for the remaining $10,000, not to seek entry of default judgment.

Bei also contends that the settlement is no longer in force because he rescinded it.[28]  To

rescind a contract in California, the party seeking rescission must "[r]estore to the other party

---

[22] *See* Docket No. 37-1, sections 3(a) and 3(c).

[23] *See, e.g., Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002).

[24] Docket No. 37-1 at 6 (emphasis original).

[25] Cal. Civ. Code § 664.6.

[26] *Id.*

[27] The terms of the settlement agreement required Bei to dismiss his complaint upon its execution, not after he received all $20,000.  *See* Docket No. 37-1 at 3.

[28] *See* Docket No. 44 at 2.

5

Case No.: 11-CV-05061-PSG
ORDER

everything of value which he has received from him under the contract."[29]  A party cannot

withdraw from a contract simply by expressing intent to do so while still retaining the

"consideration paid him on account of its execution."[30]  Bei admits he has not returned the $10,000

paid him by Santucci, but argues he "credited it" towards Santucci in arguing for default judgment,

but that plainly does not constitute "return" of everything of value he received under the contract.

Third, Bei would not be prejudiced by the setting aside of the judgment.  The standard for

prejudice is "whether his ability to pursue his claim will be hindered."[31]  Setting aside the judgment

would not prevent Bei from enforcing the settlement agreement, which is the only relief to which

he is entitled.

The court is "firmly committed to the rule that the law favors and encourages compromise

settlements.  There is an overriding public interest in settling and quieting litigation."[32]  Both

parties executed a complete settlement agreement, and the fair and equitable result is that the

agreement should be duly honored.  As Santucci has already paid $10,000, the court finds it

appropriate to reduce the default judgment to the amount of $10,000, or the amount still

outstanding after execution of the settlement agreement.

---

[29] Cal. Civ. Code § 1691.

[30] *Tutt v. Davis*, 13 Cal. App. 715, 720 (Cal. Dist. Ct. App. 1910).

[31] *See Falk*, 739 F.2d at 463; s*ee also TCI Group Life Ins. Plan*, 244 F.3d at 696 (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)) (noting that prejudice must result in a delay that would hamper discovery or increase the chance of fraud or collusion).

[32] *Ahern v. Central Pacific Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988) (internal quotations and citations omitted) (quoting *U.S. v. McInnes*, 556 F.2d 436, 441 (9th Cir. 1977)).

6

Case No.: 11-CV-05061-PSG
ORDER

**IV. CONCLUSION**

Consideration of the Falk factors weighs heavily in favor of setting aside the entry for

default judgment.  Santucci's motion to alter default judgment is GRANTED.  Judgment shall be

reduced to the amount of $10,000.[33]

IT IS SO ORDERED

Dated:  July 18, 2013

<br>

PAUL S. GREWAL
United States Magistrate Judge

---

[33] Santucci has represented to the court that he is able to immediately satisfy judgment in the amount of $10,000.  Should he fail to do so, Bei may seek enforcement pursuant to federal statute.

7

Case No.: 11-CV-05061-PSG
ORDER

**United States District Court**
For the Northern District of California