UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NORMAN BEI, <br><br> Plaintiff, <br> v. <br><br> NICHOLAS J. SANTUCCI, aka NICO J. SANTUCCI, <br><br> Defendant. | Case No.: 5:11-cv-5061-PSG <br><br> **ORDER DENYING MOTION FOR HEARING** <br><br> (Re: Docket No. 53) |

On July 18, 2013, this court altered the default judgment previously entered in this case. As altered, the court entered judgment for Plaintiff Norman Bei ("Bei") in the amount of $10,000.[1] Defendant Nicholas Santucci ("Santucci") assured the court at that time that he was able and willing to satisfy that judgment.[2] Bei alleges that thus far Santucci has failed to do so and requests a hearing to enforce the judgment.[3] Santucci objects to the hearing on the ground that judgment has been entered.[4]

---

[1] *See* Docket No. 52.

[2] *See id.* at 7.

[3] *See* Docket No. 53.

[4] *See* Docket No. 54.

Case No.: 5:11-cv-5061-PSG
ORDER

1

In its July 18 order, the court explained to Bei that although the parties had entered into a settlement agreement, Bei had not taken the appropriate steps to enforce that agreement with the court.[5] Rather than moving for default judgment, the appropriate course of action would have been to file a motion under California Code of Civil Procedure § 664.6, asking the court to enforce the agreement.[6] However, Bei did not take advantage of that remedy when it was available to him.[7] Rather, by securing a judgment, Bei eliminated this court's jurisdiction under Section 664.6, which, as Santucci points out, only applies to pending cases.

In order to serve the interests of justice without ruling where it no longer has jurisdiction, the court altered the existing judgment to reflect the amount that would have been due between the parties under the settlement: $10, 000.  In doing so, the court did not suddenly reclaim jurisdiction over the case, or incorporate the settlement agreement into its ruling for further review. Instead, it simply adjusted the amount of the final judgment entered to reflect the former agreement between the parties.    That judgment now stands, and this court's jurisdiction to further adjudicate matters is at an end.

With a final judgment entered in his favor, Bei must proceed under Federal Rule of Civil Procedure 69 to use the power of the court to recover his judgment.  Rule 69 allows Bei to utilize the procedures available under California law to enforce a money judgment.  However, this court can do nothing further to assist in that cause, as judgment has already been entered.

Bei's motion is hereby DENIED.

---

[5] *See* Docket No. 52 at 5.

[6] *Id.*

Case No.: 5:11-cv-5061-PSG
ORDER

2

IT IS SO ORDERED.

Dated: October 10, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge